# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARION DENNIS MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV416-058 |
| FREDERICK J. HEAD, Warden, and | ) | |
| BARRICK H. OBAMA, Executive | ) | |
| Session of the United States, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, incarcerated plaintiff Marion Murray has filed a 42 U.S.C. § 1983 complaint against Frederick Head and President Barrack Obama, though for what the Court cannot discern. Doc. 1 at 1. Regardless, his case must be dismissed because he has three strikes under 28 U.S.C. § 1915(g) and is thus prohibited from proceeding *in forma pauperis* (IFP) without showing that he is in imminent danger of serious physical injury.

Indigent prisoners, although they must eventually pay the full civil filing fee, may avoid prepayment under 28 U.S.C. § 1915. To do so, they must first surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner barred from proceeding IFP due to the three strikes provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *See Searcy v. Fifth Judicial Circuit of Fla.*, 615 F. App'x 652, 653 (11th Cir. 2015); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). If he doesn't, the district court must dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

This Court's own docket and PACER reveal at least five[1] 1915(g) strikes for Murray: *Murray v. Executive Session*, No. CV113-1179 (D.D.C. Aug. 1, 2013) (dismissed for failure to state a claim); *Murray v. Clinton*, No. CV599-464 (M.D. Ga. Dec. 27, 1999) (dismissed as frivolous); *Murray v. Clinton*, No. CV599-417 (M.D. Ga. Nov. 4, 1999) (same); *Murray v. Clinton*, No. CV196-1836 (D.D.C. Oct. 7, 1996) (dismissed for failure to

---

[1] PACER in fact shows many more than five cases filed by a Marion Murray and dismissed on frivolity grounds. Listing them all serves no purpose since 1915(g) triggers after the third strike.

state a claim); *Murray v. Clinton*, No. CV195-696 (N.D. Ga. Apr. 7, 1995) (dismissed as frivolous).

Because he fails to present any allegations of imminent danger that may result in serious physical harm, *see Skillern v. Jackson*, 2006 WL 1687752 at * 2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)), Murray is barred by § 1915(g) from proceeding IFP. Hence, his IFP motion (doc. 2) is **DENIED** and his complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED,** this  23rd  day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA