# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MARION DENNIS MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CV416-058 |
| FREDERICK J. HEAD, Warden, and ) | |
| BARRICK H. OBAMA, Executive ) | |
| Session of the United States, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Previously, the Court recommended that *pro se* incarcerated plaintiff Marion Murray's 42 U.S.C. § 1983 complaint be dismissed because 28 U.S.C. § 1915(g) prohibited this action unless he paid the $400 filing fee. Doc. 3. He has since paid that fee, so the Court **VACATES** its previous recommendation. Doc. 3. Preliminary review under 28 U.S.C. § 1915A,[1] however, shows his complaint still must be dismissed.

---

[1] "The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer . . . . [and] shall . . . dismiss the complaint . . . if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

Murray has sued Frederick Head, warden of an unnamed prison and President Barrack Obama, though for what the Court cannot discern. Doc. 1 at 1. His Complaint begins with a "Notice of Right to Consent to Trial Before a United States Magistrate Judge" (pages 1-3) that "request[s] a specific amount of money from a reverse FOIA suit." *Id.* (emphasis omitted). Page four is an order from the U.S. Court of Appeals for the D.C. Circuit dismissing as moot a motion for injunction Murray filed. *Id.* at 4.[2] Page 5 is another D.C. Circuit order, this time dismissing a habeas corpus petition, *id.* at 5, while pages 6-13 are notices and orders from several courts, including the Middle District of Georgia, the U.S. Supreme Court, and the U.S. Court of Appeals for the Federal Circuit. None have any relevance to this case.

Under Fed. R. Civ. P. 8(a)(2), complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[S]hort and plain" means that they "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[2] Murray superimposed handwritten notations on the order, including a variety of postal tracking numbers, a procedural history of the underlying case, and his signature as "Presidential Presiding Chairman" (of what he does not say). Doc. 1 at 4. Notably absent are factual allegations of any kind.

2

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If they don't, they must be dismissed.

Murray's Complaint contains no allegations -- factual or otherwise -- of any kind. Indeed, nothing in his filing makes sense, much less states a claim. Normally, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 2015 WL 4153684 at * 2 (11th Cir. July 10, 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15. But where amendment would be futile, dismissal with prejudice is appropriate. *See Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010).

Given the sheer frivolity of Murray's Complaint -- a veritable cornucopia of nonsense -- it should be **DISMISSED WITH PREJUDICE** without leave to re-plead.

3

**SO REPORTED AND RECOMMENDED,** this  15th  day of March, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4